**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4788**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CLAUDE ARTHUR VERBAL, II,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00114-CCE-1; 1:13-cr-00121-CCE-1)

Submitted: April 13, 2015         Decided: April 22, 2015

Before WILKINSON and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & TALCOTT, L.L.P., Greensboro, North Carolina, for Appellant. Frank Phillip Cihlar, Gregory Victor Davis, Joseph Brian Syverson, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claude Arthur Verbal, II, pled guilty to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2012), aiding and assisting in the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2) (2012), health care fraud, in violation of 18 U.S.C. §§ 2, 1347(a)(2) (2012), and money laundering, in violation of 18 U.S.C. §§ 2, 1957(a) (2012). The district court calculated Verbal's Guidelines range at 108 to 135 months' imprisonment, U.S. Sentencing Guidelines Manual (2013), and sentenced Verbal to 135 months' imprisonment.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the district court reversibly erred in accepting Verbal's guilty plea and abused its discretion in imposing sentence. Verbal was informed of his right to file a pro se supplemental brief, but he has not done so. The Government did not file a brief. We affirm.

Because Verbal did not move in the district court to withdraw his guilty plea, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error only. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial

2

rights. United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Verbal's guilty plea. Critically, the transcript reveals that the district court ensured that the plea was supported by an independent basis in fact and that Verbal entered the plea knowingly and voluntarily with an understanding of the consequences. United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Any omissions by the district court did not affect Verbal's substantial rights. See Massenburg, 564 F.3d at 343. Accordingly, Verbal has not met his burden under plain-error review to show that the district court's acceptance of his guilty plea warrants reversal.

Turning to Verbal's sentence, we review it for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence.

Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49–51.

If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. Any sentence within a properly calculated Guidelines range is presumptively substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. Id.

In this case, the district court correctly calculated and considered the advisory Guidelines range, heard argument from counsel, and heard allocution from Verbal. The court explained that the 135-month sentence was warranted in light of the nature and circumstances of Verbal's offense conduct, his history and characteristics, and the need for the sentence to deter criminal conduct. 18 U.S.C. § 3553(a)(1), (2)(B). Verbal does not offer any grounds to rebut the presumption on appeal that his

4

within-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Verbal.

Finally, in accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Verbal, in writing, of the right to petition the Supreme Court of the United States for further review. If Verbal requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Verbal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED